## TIM v. ELITE REALTY CO.

### (Supreme Court, Appellate Term.  December 11, 1906.)

ASSIGNMENTS—ACTION—EVIDENCE—SUFFICIENCY.

In an action by assignee of an accepted order requiring defendant to pay to the payee a sum due drawer under a certain contract, evidence *held* sufficient to show that moneys were due the drawer under such contract

Appeal from City Court of New York, Trial Term.

Action by David Tim against the Elite Realty Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Charles L. Livingston (William Bondy, of counsel), for appellant. Moses N. Krakower, for respondent.

GILDERSLEEVE, J. On July 16, 1906, one Herman Aaron wrote to the president of defendant the following order, viz.:

"Please pay to T. R. De Lacy the sum of $250, out of money coming to the undersigned on the brown mortar payment, provided for under the contract between you and the undersigned for building loan on 7 houses on premises described as follows, West side of Belmont Ave. 78—59 north of 181 Street, and charge the same to my account as against said payment and fund. And I do hereby assign to said T. R. De Lacy $250 of said sum, and direct this order to be paid out of moneys coming to the undersigned under said payment. Dated July 16th, 1906. (Sd.) Herman Aaron."

Upon this order the said president of defendant wrote as follows:

"Accepted, provided any money becomes due him under agreement. (Sd.) Elite Realty Co., by Wm. Bondy, Pres."

Thereafter and on August 10, 1906, said De Lacy assigned said order to the plaintiff by an assignment indorsed upon the order itself, as follows:

"For value received I hereby sell, assign and transfer all my right, title and interest to the within unto David Tim. Dated New York, August 10, 1906. (Sd.) T. R. De Lacy."

Due demand for payment was made and refused, whereupon this action was brought to recover the same. Plaintiff asked for the direction of a verdict, and defendant asked for a dismissal of the complaint. The court directed a verdict for plaintiff. Defendant appeals.

The only question in issue was whether it is shown that any money became due to Herman Aaron under the agreement between him and defendant referred to in the order. The said De Lacy and plaintiff swear that defendant's president, Bondy, admitted that $8,600 had become due, that he had paid out $6,000, and had retained $250 to meet this very claim. Bondy does not deny this, but merely says all the work had not been completed under the contract, which would merely tend to show that all the money called for by the contract had not become due. Under his acceptance of the order he merely stipulated, as we have seen, "Accepted, if any money becomes due him (Aaron) under agreement." The defendant did not ask to have any issue submitted to the jury, but merely asked for a dismissal of the complaint.

There is sufficient evidence to sustain the court below, and the judgment and order appealed from should be affirmed, with costs. All concur.